IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IN RE: | § CASE NO.: 20-31882-hdh13 |
| **Darrell Joe Richardson,** | § CHAPTER 13 |
| **Audra Jane Richardson,** | § Hearing: |
| **DEBTORS,** | § Date: October 1, 2020 |
| | § Time: 8:30 a.m. |
| | § 105 Decker Ct, Suite 120, Irving, Texas |

## OBJECTION TO CHAPTER 13 PLAN (DOCKET No. 27)

Comes now Carvana, LLC, its successors and assigns, (hereinafter "Secured Creditor"), a secured creditor in the above-entitled and numbered case, and files this Objection to Confirmation of Chapter 13 Plan, and in support thereof represents:

1. The above-styled Debtors filed a voluntary petition under Chapter 13 of Title 11, United States Bankruptcy Code on July 8, 2020.

2. On July 14, 2017, Debtor, Audra Richardson, executed a Contract in favor of Movant in the original principal amount of $40,004.98 ("Contract").

3. The debt described by the Contract is secured by the 2014 Mercedes-Benz GL Class bearing the VIN: 4JGDF7CE0EA294755 (the "Vehicle"). Furthermore, the Contract indicates that the Vehicle was purchased for personal use.

4. On August 5, 2020, Secured Creditor filed its proof of claim in the bankruptcy identified as claim #8-1 and evidencing a total claim of $30,537.47, with secured amount of $19,975.00 and unsecured amount of $10,562.47 and an interest rate of 11.60%.

5. Debtor's Chapter 13 Plan (hereinafter "Plan") as proposed provides for Secured Creditor's claim to be paid at a secured claim of $17,119.00 at 4.25% over 60 months with monthly Pro-Rata payments.

6. Secured Creditor objects to confirmation of the Plan because:

    a. Secured Creditor objects as the alleged value of the Vehicle within the plan at $17,119.00. The Plan fails to ascribe the source of the Debtor's proposed valuation of the Vehicle. The Debtor's proposed value does not comport with the applicable standard under 11 U.S.C. § 506(a). Where a debtor proposes continued use of the property over the creditor's objection under § 1325(a)(5)(B) the proper application of § 506(a) utilizes a replacement value standard. *Associates Commercial Corp. v. Rash*, 520 U.S. 953, 955 (1977). More specifically, when a debtor exercises the cram-down option under §1325(a)(5)(B), the value of the Vehicle (and thus the amount of the secured claim under §506(a) is the price a willing buyer in the debtor's circumstances would pay to obtain like property from a willing seller). *Id.* at 960. Secured Creditor has obtained an estimated value for the Vehicle according to NADA of $19,975.00. A true and correct copy of the NADA report is attached as **Exhibit 1**.

    b. Debtor's Plan proposes to reduce Creditor's interest rate from the contract rate of 11.60% to 4.25%. The appropriate rate of interest that should be provided in a Chapter 13 plan to compensate the secured creditor for the delay in receiving payments was addressed in *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004). A secured creditor who is paid the allowed amount of its claim over time must be paid interest post confirmation on its allowed secured claim. The standard requires the

      Debtor to establish the national prime rate, adjusted upward for the risk of nonpayment. The bankruptcy court must establish an interest rate based on current market rate of interest for similar loans in region, available to borrowers with similar credit histories to that of Debtor; considering risk factors involved with Debtor's credit history, and Creditor's rates for similar transactions within region. 11 U.S.C. § 1325(a)(5)(B). *In re Glueck,* 223 B.R. 514 (Bankr. S.D. Ohio 1998). An interest rate of 4.25% fails to meet those requirements.

c. Finally, depending upon the appropriate value and regular monthly payment to be paid to Secured Creditor, Debtor's plan may not be feasible. The court cannot confirm a Chapter 13 plan unless it finds that the debtor will be able to make all the proposed payments and to comply with the plan. In other words, the plan must be "feasible." 11 USC § 1325(a)(6). The debtor must have both the present and the future ability to make the proposed payments. *In re Street* (BC ND IL 1982) 17 BR 787, 788; see also *In re Pellegrino* (1st Cir. BAP 2010) 423 BR 586, 591—Chapter 13 case dismissed where below-median income debtors had insufficient income over minimum commitment period to make plan payments.

WHEREFORE, PREMISES CONSIDERED, Secured Creditor prays that this Court deny confirmation of the Plan, and grant it such other and further relief at law and in equity as is just.

    Respectfully submitted,
    GHIDOTTI | BERGER LLP

    /s/ Angie M. Marth
    Angie M. Marth/TBN 24046353
    Attorneys and Counselors
    600 E. John Carpenter Fwy., Ste. 175
    Irving, TX 75062
    Ph: (949) 427-2010

Fax: (949) 427-2732
bknotifications@ghidottiberger.com
Attorney for Secured Creditor

# EXHIBIT "1"

Automakers are listening. Join our advisor community. Get an Amazon e-Gift Card!

 NADAguides Value Report 8/5/2020

# 2014 Mercedes-Benz GL-Class
Utility 4D GL450 4WD V8

 CHANGE CAR    COMPARE

## Values

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| Base Price | $14,550 | $16,525 | $18,175 | $20,550 |
| Mileage (92,791) | -$575 | -$575 | -$575 | -$575 |
| Total Base Price | $13,975 | $15,950 | $17,600 | $19,975 |
| Options |  |  |  |  |
| Price + Options | $13,975 | $15,950 | $17,600 | $19,975 |
| Certified Pre-Owned (CPO) |  |  |  | +$2,700 |
| Certified Price with Options |  |  |  | $22,675 |

Angie M. Marth, Esq. (24046353)
GHIDOTTI | BERGER
600 E. John Carpenter Fwy., Suite 175
Irving, TX 75062
Tel: (972) 893-3096
Fax: (949) 427-2732
bknotifications@ghidottiberger.com

**Attorney for Movant,**
Carvana, LLC, its Successors and Assigns

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IN RE:** § | CASE NO.: 20-31882-hdh13 |
| § | |
| **Darrell Joe Richardson,** § | CHAPTER 13 |
| **Audra Jane Richardson,** § | |
| § | CERTIFICATE OF SERVICE |
| **DEBTORS,** § | |

**CERTIFICATE OF SERVICE**

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

1
CERTIFICATE OF SERVICE

On August 25, 2020 I served the following documents described as:

- **OBJECTION TO CHAPTER 13 PLAN**

on the interested parties in this action by placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>**Darrell Joe Richardson**<br>4219 Emerson Avenue<br>Dallas, TX 75205<br><br>**Debtor**<br>**Audra Jane Richardson**<br>4219 Emerson Avenue<br>Dallas, TX 75205 | **Debtors' Counsel**<br>**Marcus B. Leinart**<br>Leinart Law Firm<br>10670 N. Central Expressway<br>Suite 320<br>Dallas, TX 75231<br><br>**Chapter 13 Trustee**<br>**Thomas Powers**<br>105 Decker Court, Ste 1150<br>Irving, TX 75062 |
|---|---|

__xx__ (By First Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service by placing them for collection and mailing on that date following ordinary business practices.

_____ Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

__xx__ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 25, 2020 at Santa Ana, California

/*s* / *Brandy Carroll*
Brandy Carroll